FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

AUG 2 2 2023

TAMMY H. DOWNS, CLERK
By:_____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

RHONDA ROWAN,

    Plaintiff,

vs.

SOUTHLAND RACING CORPORATION,

    Defendant.

Case No.: 2:23-CV-182-BSM

JURY DEMANDED

## COMPLAINT

**COMES NOW**, the Plaintiff, Rhonda Rowan ("Ms. Rowan" or "Plaintiff"), by and through her undersigned counsel of record, and files this Complaint for damages against Southland Racing Corporation ("Southland Casino" or "Defendant") and, for her causes of action against Defendant, alleges states as follows:

### INTRODUCTION

This cause of action arises from Ms. Rowan's visit to the Southland Hotel & Casino. During her evening visiting the Casino and playing cards, Ms. Rowan was publicly and privately accused of theft by Casino staff. Ms. Rowan was, through force or physical coercion, removed from the Casino floor, placed in a windowless interior room, held, and questioned by Casino staff. Ms. Rowan was then released from the room and custody of Casino staff after Casino staff admitted they had made a mistake. Unfortunately, Ms. Rowan was deeply shaken by the event and began to experience chest pains and trouble breathing. As a result, Ms. Rowan was forced to seek medical attention for, what she thought, was a heart attack brought on by the stress of her unlawful detention. Though Southland Casino may see the incident as minor, it has deeply affected Ms. Rowan.

This case assigned to District Judge _Miller_
and to Magistrate Judge _Volpe_

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is an adult resident of Shelby County, Tennessee.

2. Defendant, Southland Racing Corporation, does business in West Memphis, Crittenden County, Arkansas, and is an Arkansas corporation doing business at 1550 Ingram Blvd., West Memphis, Crittenden County, Arkansas, 72301, where it owns and operates, *inter alia,* a Casino which permits on-site gambling and betting on other games of chance.

3. Southland Casino can be served through its registered agent for service of process, Cogency Global, Inc.,1215 Twin Lakes Drive, Little Rock, Arkansas 72205.

4. This Court has subject matter jurisdiction over this cause pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship between the parties, and the amount in controversy exceeds the minimum amount for federal diversity of citizenship, i.e. greater than $75,000.00, exclusive of interest and costs.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 as this cause of action arose, occurred, and accrued in this judicial district.

## FACTS

6. Southland Casino holds itself out as the owner, operator, and manager of the Southland Hotel & Casino and, upon information and belief, owns manages and controls the Casino.

7. On August 21, 2022, Ms. Rowan visited the Casino with several friends for the purpose of legally playing poker and/or other card games.

8. Ms. Rowan is not an experienced gambler, and only plays and/or bets on cards from time to time.

9. Ms. Rowan does not play cards for the purposes of generating revenue; rather, she simply does it for fun, often doing so with friends during a night on the town.

10. That evening, Ms. Rowan played several rounds, making sure to tip the dealer each round.

11. Suddenly, and without warning, two armed casino security guards approached the table where Ms. Rowan and her friends were seated.

12. The security guards were employees or agents of Southland Casino.

13. The security guards removed the tokens/chips Ms. Rowan had placed on the poker table.

14. The security guards announced, in the presence of Ms. Rowan's friends, other patrons and Casino employees, that she "had been caught stealing."

15. The security guards in the employ of Southland Casino, who were significantly larger than Ms. Rowan, surrounded her from either side and detained her.

16. After the security guards announced publicly announced that Ms. Rowan had been caught stealing, Ms. Rowan was ordered by the security guards to stand up.

17. As she stood, Ms. Rowan was sandwiched between the two security guards.

18. Ms. Rowan was startled and scared by the accusation and the presence of the guards.

19. Ms. Rowan had never seen, nor encountered, anything like this before, let alone in a casino.

20. The security guards forced Plaintiff to get up, and they escorted her, against her will, into an interrogation room.

21. Ms. Rowan did not feel as though she had any other option except to comply.

22. Once in the windowless interrogation room, Casino employees demanded to see her identification and/or driver's license.

23. The security personnel took her photo identification from her and placed Ms.

Rowan's picture on a large TV and/or computer monitor inside the interrogation room, as if it were a mug shot.

24. In the interrogation room, the security personnel again accused Ms. Rowan of stealing.

25. Both the setting and the tone and content of the security personnel's accusations and statement frightened Ms. Rowan.

26. Ms. Rowan felt as though she had to try to answer their questions in order to escape the room.

27. Ms. Rowan repeatedly asked the security personnel what she had done, or done wrong.

28. Ms. Rowan was not provided any details from the security personnel about the alleged theft she had purportedly committed.

29. Ms. Rowan continually asked if she could leave.

30. For at least 40 minutes, Ms. Rowan was held against her will in a closed, windowless security office, repeatedly accused – charged with crimes she did not commit, and subjected to a seizure —indeed, imprisonment— by the Casino and its personnel.

31. The security personnel accused Ms. Rowan, in open public and in the presence of her friends and companions, as well as other guests, of stealing.

32. Ms. Rowan was seized in front of her friends and companions, and suffered substantial embarrassment and humiliation as a result.

33. Ms. Rowan was unaware of any reason that would have justified such conduct on the part of the Casino's security personnel.

34. Southland Casino, through its employees, agents, or representatives was responsible for implementing policies and training the security officers.

35. Southland Casino has a de facto policy of seizing individuals it believes are guilty of stealing.

36. Upon information and belief, said policies and training were followed in this matter.

37. Ms. Rowan adamantly denied the theft charges – and denies them to this day.

38. After being held against her will for more than 40 minutes, Ms. Rowan was advised by Southland Casino's security personnel that, upon review of the video tape of the "theft," it was evident that Ms. Rowan had done nothing wrong.

39. Ms. Rowan did not consent to being confined by Southland Casino and its employees.

40. Ms. Rowan was held against her will, under guard, by the Casino security guards for more than 40 minutes.

41. The uniformed Casino security personnel were, at all times herein mentioned, agents, servants, and employees of Southland Casino, acting within the scope and course of their employment.

42. After returning to her home after finally being released, Ms. Rowan experienced chest pains as a direct result of the trauma of being detained against her will pursuant to an (admittedly) false accusation made by Southland Casino.

43. Ms. Rowan was in such severe pain and distress, she was forced to visit the Memphis Baptist East Emergency room later that evening.

44. Plaintiff's blood pressure was at a very elevated level, and she experienced severe anxiety and trauma as a direct result of Southland Casino's actions.

45. Ms. Rowan remains emotionally scarred by the event.

46. Ms. Rowan no longer visits the Casino, nor other similar activities any more out of fear something like this will happen again.

47. The event has hampered, impaired, and affected Ms. Rowan's social life.

48. Ms. Rowan fears doing similar activities in the future with her friends for fear that something like this will happen again.

## COUNT I:
## FALSE IMPRISONMENT

49. Ms. Rowan realleges each of the foregoing paragraphs of this Complaint as if set forth more fully herein verbatim.

50. Southland Casino escorted Ms. Rowan to a closed and locked security office against, against her will, and by force or physical coercion.

51. Southland Casino detained and secured Ms. Rowan in the Casino's security office for over 40 minutes and restrained and prevented Ms. Rowan from leaving.

52. As a result of the Southland Casino's false imprisonment, Ms. Rowan suffered shock, embarrassment, anxiety, fear, severe emotional distress, and medical expenses.

53. Southland Casino's incarceration and imprisonment of Ms. Rowan was done intentionally and willfully.

54. Southland Casino's incarceration and imprisonment of Ms. Rowan was without sufficient —indeed, any— license or authority, and was unreasonable in all respects.

55. Southland Casino's incarceration and imprisonment of Ms. Rowan was undertaken with oppression and malice and was despicable and contrary to all civilized societal norms.

56. In restricting Ms. Rowan's freedom, the agents, servants, and employees of the Southland Casino committed an unlawful violation Ms. Rowan's personal liberty, consisting of, *inter alia*, detention without legal authority – constituting the tort of false imprisonment for which Southland Casino is liable to the Ms. Rowan for the damages she suffered.

57. As a direct and proximate result of the actions of the agents, servants, and

employees of the Southland Casino, Ms. Rowan has suffered embarrassment, humiliation, fear, anxiety, and mental anguish – all of which the Southland Casino is liable.

## COUNTI II:
## INTENTIONAL AND/OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

58. Ms. Rowan realleges each of the foregoing paragraphs of this Complaint as if set forth more fully herein verbatim.

59. The acts of Southland Casino —and its employees or agents— was intentional, malicious and oppressive, and calculated and necessarily recognized to cause Ms. Rowan severe fear, anxiety, emotional —and physical— distress.

60. As the direct and proximate result of the aforementioned acts, Ms. Rowan did suffer humiliation, anxiety, fear, mental anguish, emotional —and physical— distress.

## COUNT III:
## DEFAMATION, SLANDER, AND/OR FALSE LIGHT

61. Ms. Rowan realleges each of the foregoing paragraphs of this Complaint as if set forth more fully herein verbatim.

62. Ms. Rowan was publicly and falsely accused of stealing by Southland Casino employees and/or agents, in the presence of her friends, patrons, and other Southland Casino employees.

63. Southland Casino's accusations of theft, as to Ms. Rowan, was false and/or without reasonable basis to believe it was true.

64. Southland Casino's accusations and statements were made recklessly, if not intentionally.

65. Southland Casino's accusations and statements occurred in a crowded, public area, and was observed by numerous people.

66. There were any number of alternative, more reasonable ways Casino security staff could have conducted themselves; however, they chose not to.

67. Southland Casino's statements injured and defamed Ms. Rowan's character, and affected the way others look at her and/or how she looks at herself.

68. Southland Casino's conduct would be highly offensive to a reasonable person.

69. As a result of Southland Casino's false statements, Ms. Rowan suffered reputational damage, injury to her character, and physical and emotional distress.

70. To this day, Ms. Rowan is deeply embarrassed by the situation, and merely thinking about it evokes a strong emotional response.

## COUNT IV:
## ASSAULT AND/OR BATTERY

71. Ms. Rowan realleges each of the foregoing paragraphs of this Complaint as if set forth more fully herein verbatim.

72. Southland Casino security personnel applied and utilized offensive contact against Ms. Rowan in order to coerce Ms. Rowan into the Casino interrogation room.

73. Moreover, Southland Casino security personnel acted with the intent to create the apprehension of a harmful or offensive contract with her.

74. Indeed, Ms. Rowan feared that if she did not cooperate, or did not cooperate quickly enough, with Southland Casino security personnel, they would physically restrain her or force her to go where they wanted.

75. As the direct and proximate result of the acts of Southland Casino employees, Ms. Rowan suffered damages.

76. Ms. Rowan suffered, *inter alia*, humiliation, anxiety, fear, mental anguish, emotional —and physical— distress.

77. Ms. Rowan was forced to seek medical treatment following the encounter at the Casino.

78. As to all conduct and causes of action asserted herein, Ms. Rowan avers that Southland Casino's conduct, and that of its employees and/or agents, was done knowingly, intentionally, maliciously. Southland Casino's conduct, and that of its employees and/or agents, was excessive and outrageous.

**WHEREFORE,** the Plaintiff, Rhonda Rowan, prays that:

A. Proper process issue, Southland Casino be served and required to answer this Complaint within the time prescribed by law;

B. A trial by jury be held (Fed. R. Civ. P. 38);

C. She have and recover a judgment against the Defendant, Southland Racing Corporation, for damages in a sum not less than $250,000.00, arising from Southland Casino's unlawful conduct and all causes of action asserted herein;

D. She have and recover damages for emotional harm and pain and suffering;

E. She have and recover consequential and/or special damages, to be proven at trial;

F. She have and recover punitive damages for Southland Casino's malicious, intentional, outrageous, and excessive conduct;

G. She recover all pre- and post-judgment interest to which she may be entitled;

H. She recover all discretionary costs;

I. She recover her reasonable attorneys' fees;

J. She recover her expenses and costs;

K. She recover any and all such other an further relief to which she may be entitled at law, or in equity, whether general or specific.

Respectfully submitted,

**GLANKLER BROWN, PLLC**

By: /s/ Aubrey B. Greer
    Aubrey B. Greer (TN# 35613)
    Joseph E. Horowitz (TN# 36353)
    6000 Poplar Ave., Suite 400
    Memphis, Tennessee 38119
    Telephone:  (901) 525-1322
    Facsimile:  (901) 525-2389
    agreer@glankler.com
    jhorowitz@glankler.com

*Attorneys for Plaintiff, Rhonda Rowan*