IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**RHONDA ROWAN**                                                                                   **PLAINTIFF**

v.                                    **CASE NO. 2:23-CV-00182-BSM**

**SOUTHLAND RACING CORPORATION**                                      **DEFENDANT**

## ORDER

Southland Racing Corporation's motion for summary judgment [Doc. No. 17] is granted and Rhonda Rowan's complaint is dismissed with prejudice.

## I.  BACKGROUND

Viewing the record in the light most favorable to Rowan, the facts are as follows. Rowan is a novice poker player who visited the Southland Casino with her friend Karen Carter who taught her how to play. Plaintiff's Statement of Facts ¶¶ 2, 4, Doc. No. 21 ("Rowan Facts"). After playing a few hands, two security guards accused Rowan of cheating and escorted her to a back room for questioning and refused to let her leave. *Id.* ¶¶ 16–17, 30, 37–39. Rowan denied cheating and asked to see a manager. *Id.* ¶¶ 18–19, 49. A supervisor came to the room and, after speaking to her manager, apologized to Rowan for falsely accusing her. *Id.* ¶¶ 60–62. This occurred no later than August 21, 2022 and Rowan's complaint was filed on August 22, 2023. *Id.* ¶1. Rowan is suing for assault and battery, defamation, false imprisonment, and negligent and intentional infliction of emotional distress. Southland is moving for summary judgment on all claims.

## II. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986).  Once the moving party demonstrates that there is no genuine dispute of material fact, the non-moving party may not rest upon the mere allegations or denials in his pleadings.  *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011).  Instead, the non-moving party must produce admissible evidence demonstrating a genuine factual dispute requiring a trial.  *Id.*  All reasonable inferences must be drawn in the light most favorable to the non-moving party.  *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007).  The evidence is not weighed, and no credibility determinations are made.  *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

## III.  DISCUSSION

Summary judgment is granted on Rowan's assault and battery, defamation, and false imprisonment claims because they are time-barred.  Summary judgment is granted on her negligent infliction of emotional distress claim because Arkansas does not recognize it.  Summary judgment is granted on her intentional inflicted of emotional distress claim because Southland's conduct does not meet the standard for it.

### A.   Assault and Battery, Defamation, False Imprisonment

Summary judgment is granted on Rowan's assault and battery, defamation, and false imprisonment claims because she failed to file them within one year of the day they accrued.  *See* Ark. Code Ann. § 16-56-104 (one year statute of limitations); *Johnson v. Dillard's, Inc.*,

No. 4-06-CV-01102 JLH, 2006 WL 8444811, at *2 (E.D. Ark. Aug. 11, 2006). Although Rowan seeks equitable tolling to overcome her untimely filing, equitable tolling typically does not attach when a complaint is untimely filed due to a lack of diligence. *McDonald v. St. Louis Univ.*, 109 F.4th 1068, 1072 (8th Cir. 2024). Rowan argues that her complaint was filed one day late due to confusion over the Eastern District of Arkansas's requirement that complaints must be filed in paper form and not electronically. Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment at 6–7, Doc. No. 20. She notes that many other districts allow complaints to be filed electronically. *Id.* Although the outcome is harsh, confusion over the Eastern District of Arkansas's filing rules does not warrant equitable tolling.

B.  Merits of Time Barred Claims

Had Rowan timely filed her complaint, summary judgment would have been granted on all claims except her false imprisonment claim.

*1. Assault and Battery*

Summary judgment would have been granted on her assault and battery claims because Rowan faced no imminent threat of harm and was not physically touched by Southland's employees. *See Costner v. Adams*, 121 S.W.3d 164, 170 (Ark. Ct. App. 2003) (for an assault claim she must show the guards placed her in imminent apprehension of harmful or offensive contact and that it was intentional); *Arkansas Model Jury Instruction* AMI 417. Although Southland's security guards hovered over Rowan when they accused her of cheating, and she believed they would have assaulted her had she refused to follow

their instructions, Rowan Facts at 27, 39, 44, these actions are not indicative of *imminent* threats of harm, but do support her false imprisonment claim. Moreover, battery requires an unlawful touching, *Costner*, 121 S.W.3d at 170, and the record does not show that the guards touched her.

### 2. *Defamation, Slander, False Light*

Summary judgment would have been granted on Rowan's defamation and slander claim because, other than stating that people are "still talking about the incident," she has failed to show that she suffered harm to her reputation. *See Superior Federal Bank v. Mackey*, 129 S.W.3d 324 (Ark. Ct. App. 2003) (listing elements of defamation claim); Deposition of Rhonda Rowan at 71, Doc. No. 21-1. Summary judgment is granted on Rowan's false light claim because she did not oppose the summary judgment motion.

### 3. False Imprisonment

Summary judgment would have been denied on Rowan's false imprisonment claim because Southland falsely accused her of cheating, locked her in a room against her will, and would not allow her to leave. Rowan Facts ¶¶ 7, 38, 42, 43. This is sufficient to overcome summary judgment. *See Ltd. Stores, Inc. v. Wilson-Robinson*, 876 S.W.2d 248, 250 (Ark. 1994) (false imprisonment is unlawfully violating someone's personal liberty without sufficient legal authority).

### C.    Infliction of Emotional Distress

Summary judgment is granted on Rowan's negligent infliction of emotional distress claim because Arkansas does not recognize it. *Pennebaker v. Furry Feet Retreat, Inc.*, 620

S.W.3d 879, 881 (Ark. Ct. App. 2021) (citing *Dowty v. Riggs*, 385 S.W.3d 117, 120-21 (Ark. 2010). Summary judgment is granted on Rowan's intentional infliction of emotional distress or outrage claim because Southland's conduct was not so "extreme and outrageous" that it shocks the conscience. *See Millbrook v. Dillard's, Inc.*, No. 4:06CV01103 JLH, 2008 WL 615901, at *1 (E.D. Ark. Mar. 3, 2008) (finding no tort of outrage when security guard falsely accused shopper of stealing). This is an extremely narrow cause of action, *McAdams v. Curnayn*, 239 S.W.3d 17, 22 (2006), and conduct that is merely unprofessional, inconsiderate, immoral or unethical does not support it. *Stockton v. Sentry Ins.*, S.W.2d 914, 918 (1999).

## IV. CONCLUSION

For these reasons, Southland's motion for summary judgment is granted and Rowan's complaint is dismissed with prejudice. Southland's reply brief [Doc. No. 25] was unnecessary to the resolution of the summary judgment motion, so Rowan's motion to strike portions of it [Doc. No. 28] is denied as moot.

IT IS SO ORDERED this 3rd day of February, 2025.

*/s/ Brian S. Miller*
UNITED STATES DISTRICT JUDGE